UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PATRICIA SINAY,

    Plaintiff(s),

v.

ANDREW SAUL,

    Defendant(s).

Case No.: 2:19-cv-00680-NJK

**ORDER**

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits pursuant to Title II of the Social Security Act. Currently before the Court is Plaintiff's Motion for Reversal and/or Remand. Docket No. 14. The Commissioner filed a response in opposition and a cross-motion to affirm. Docket Nos. 16-17. No reply was filed. The parties consented to resolution of this matter by the undersigned magistrate judge. Docket Nos. 18-19.

**I.  STANDARDS**

    A.    <u>Disability Evaluation Process</u>

The standard for determining disability is whether a social security claimant has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(3)(A). That determination is made by following a five-step sequential evaluation process. *Bowen v. Yuckert*,

482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). The first step addresses whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] The second step addresses whether the claimant has a medically determinable impairment that is severe or a combination of impairments that significantly limits basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). The third step addresses whether the claimant's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. There is then a determination of the claimant's residual functional capacity, which assesses the claimant's ability to do physical and mental work-related activities. 20 C.F.R. §§ 404.1520(e), 416.920(e). The fourth step addresses whether the claimant has the residual functional capacity to perform past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). The fifth step addresses whether the claimant is able to do other work considering the residual functional capacity, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g).

B.   Judicial Review

After exhausting the administrative process, a claimant may seek judicial review of a decision denying social security benefits. 42 U.S.C. § 405(g). The Court must uphold a decision denying benefits if the proper legal standard was applied and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). Substantial evidence is "more than a mere scintilla," which equates to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, ___ U.S. ___, 139 S.Ct. 1148, 1154 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id.*

---

[1] The five-step process is largely the same for both Title II and Title XVI claims. For a Title II claim, however, a claimant must also meet insurance requirements. 20 C.F.R. § 404.130.

2

## II. BACKGROUND

### A. Procedural History

On April 6, 2015, Plaintiff filed an application for disability insurance benefits alleging an onset date of February 26, 2015. *See, e.g.*, Administrative Record ("A.R.") 169-72. On September 3, 2015, Plaintiff's claim was denied initially. A.R. 116-20. On May 11, 2016, Plaintiff's claim was denied on reconsideration. A.R. 128-33. On June 2, 2016, Plaintiff requested a hearing before an administrative law judge. A.R. 134-35. On November 6, 2017, Plaintiff, Plaintiff's representative, and a vocational expert appeared for a hearing before ALJ Cynthia Hoover. *See* A.R. 61-81. On May 8, 2018, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability through the date of the decision. A.R. 39-60. On February 21, 2019, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. A.R. 2-7.

On April 19, 2019, Plaintiff commenced this action for judicial review. Docket No. 1.

### B. The Decision Below

The ALJ's decision followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. A.R. 42-54. At step one, the ALJ found that Plaintiff met the insured status requirements through December 31, 2020, and has not engaged in substantial gainful activity since the alleged onset date. A.R. 44. At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease and carpal tunnel syndrome. A.R. 44-47. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 47-48. The ALJ found that Plaintiff has the residual functional capacity to

> lift 10 pounds. She can stand for 5 hours and sit for 4 hours. She cannot stoop or crawl. She can occasionally climb or reach above shoulder level. The claimant should have no exposure to heights, moving machinery, marked changes in temperature, humidity, or pulmonary irritants.

A.R. 48-53. At step four, the ALJ found Plaintiff capable of performing past relevant work as a manager and referral specialist. A.R. 53.

Based on all of these findings, the ALJ found Plaintiff not disabled through the date of the decision. A.R. 53.

**III.    ANALYSIS**

Plaintiff raises two issues on appeal. First, she argues that the ALJ erred in discounting her own testimony. Second, she argues that the ALJ erred in evaluating the medical record with respect to formulating the residual functional capacity. The Court addresses each argument below.

        A.        EVALUATION OF PLAINTIFF'S TESTIMONY

Plaintiff argues that the ALJ erred in discounting her own testimony of disabling limitations. Mot. at 9-11. The Commissioner counters that the ALJ advanced legally permissible reasons supported by substantial evidence for doing so. Resp. at 5-10. The Commissioner has the better argument.

Credibility and similar determinations are quintessential functions of the judge observing witness testimony, so reviewing courts generally give deference to such assessments. *See, e.g.*, *Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709, 714 (1986). In the Social Security context, "[t]he ALJ is responsible for determining credibility." *Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir. 1995). An ALJ's assessment of a claimant's testimony is generally afforded "great weight" by a reviewing court. *See, e.g.*, *Gontes v. Astrue*, 913 F. Supp. 2d 913, 917-18 (C.D. Cal. 2012) (citing *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Circ. 1989) and *Nyman v. Heckler*, 779 F.2d 528, 531 (9th Cir. 1985)). If an ALJ's determination to discount a claimant's testimony is supported by substantial evidence, a court should not second-guess that determination. *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012).

The ALJ is required to engage in a two-step analysis to evaluate a claimant's testimony as to pain and other symptoms: (1) determine whether the individual presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of pain or other symptoms alleged; and (2) if so, whether the intensity and persistence of those symptoms limit an individual's ability to perform work-related activities. *See* Social Security Ruling 16-3p. In the absence of evidence of malingering, an ALJ may only reject a claimant's testimony about the severity of symptoms by giving specific, clear, and convincing reasons. *See Vasquez v. Astrue*,

572 F.3d 586, 591 (9th Cir. 2009). Factors that an ALJ may consider include inconsistent daily activities, an inconsistent treatment history, and other factors concerning the claimant's functional limitations. *See* Social Security Ruling 16-3p.

In this case, the ALJ found that Plaintiff satisfied the first step of the above analysis, but failed at the second step. *See* A.R. 49. In reaching that conclusion, the ALJ relied on legally permissible considerations supported by substantial evidence as discussed below.

The ALJ discounted Plaintiff's testimony in this case based on several factors. First, the ALJ found that the objective medical record did not support Plaintiff's allegations of disabling limitations. *See* A.R. 49-53. Substantial evidence supports that finding. For example, an EMG from March 4, 2016, showed mild to moderate carpal tunnel syndrome, no ulnar neuropathy, and no C5-T1 radiculopathy. A.R. 484-89. As another example, an examination of the upper extremities from April 11, 2016, showed no atrophy, 5/5 motor strength, and no evidence of chronic regional pain syndrome. A.R. 561. Moreover, an ALJ may properly consider the lack of supporting objective medical evidence as a factor in discounting a claimant's testimony. *E.g.*, *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

Second, the ALJ found that Plaintiff's alleged disabling conditions improved with treatment and were effectively controlled. *See* A.R. 50-51. Substantial evidence supports that finding. For example, following surgery addressing Plaintiff's carpal tunnel syndrome, she had full flexion and extension of the wrist, sensation was grossly intact, postoperative pain was well-controlled, and she was able to oppose her thumbs. A.R. 824, 825. As another example, pain management notes with respect to, *inter alia*, back and neck pain showed that Plaintiff reported "being able to function well while taking current pain medications, [p]ain is well-controlled on current regiment, [and Plaintiff] [r]eports no side effects from current pain regiment." A.R. 730-31. Moreover, an ALJ may properly consider the effectiveness of treatment as a factor in discounting a claimant's testimony. *See, e.g.*, *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999) (improvement with treatment); *see also Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for purposes of determining eligibility for SSI benefits").

Third, the ALJ found that Plaintiff's alleged disabling limitations were inconsistent with her daily activities. *See* A.R. 49. Substantial evidence supports that finding. For example, Plaintiff acknowledged that she prepared meals, went grocery shopping, did laundry, washed dishes, drove, watched TV, and cared for pets. *See* A.R. 216-23. Moreover, an ALJ is permitted to discount a claimant's testimony of totally debilitating impairment to the extent it is inconsistent with daily activities. *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012).

In short, the ALJ advanced legally appropriate factors supported by substantial evidence in discounting Plaintiff's testimony. The ALJ did not err.

B. <u>EVALUATION OF MEDICAL EVIDENCE</u>

Plaintiff also argues that the ALJ erred in evaluating the medical evidence with respect to formulating Plaintiff's residual functional capacity. *See* Mot. at 5-8. The Commissioner counters that the ALJ properly evaluated the medical evidence and that the residual functional capacity is supported by substantial evidence. *See* Resp. at 3-5. The Commissioner has the better argument.

A treating physician's medical opinion as to the nature and severity of an individual's impairment is entitled to controlling weight when that opinion is well-supported and not inconsistent with other substantial evidence in the record. *See, e.g.*, *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001). Even when not controlling, such opinions are entitled to deference and must be weighed properly pursuant to applicable regulations. *See, e.g.*, *id.* Nonetheless, the opinion of a treating physician is not necessarily conclusive as to the existence of an impairment or the ultimate issue of a claimant's disability. *See, e.g.*, *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002). If a treating doctor's opinion is contradicted by another doctor, the ALJ may reject the treating doctor's opinion by providing "specific and legitimate reasons" supported by substantial evidence in the record. *See, e.g.*, *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

This case involves an unusual argument by Plaintiff. In particular, Plaintiff argues that the ALJ erred in *adopting* aspects of the opinion of her treating physician, Dr. Elron Mighty, regarding manipulative limitations. *See* Mot. at 8; *see also* A.R. 624, 632 (finding that Plaintiff can use both hands for repetitive action of grasping and fine manipulation). Neither party cites case law

regarding the circumstances or standards governing whether an ALJ errs by adopting a treating physician's opinion. Similarly, Plaintiff cites no legal authority that an ALJ is required to reject a treating physician's opinion based on the purported deficiencies she identifies in her motion with respect to Dr. Mighty's opinion. *See* Mot. at 8. In this case, the ALJ thoroughly discussed the medical record and the opinion evidence. A.R. 48-53. As part of that discussion, the ALJ gave great weight to parts of Dr. Mighty's 2016 medical source statement. A.R. 51. Plaintiff has not provided a factual or legal basis for the Court to conclude that the ALJ was instead required to reject her treating physician's opinion. *Cf. Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (social security appellants bear the burden of establishing error).[2]

In short, Plaintiff has not demonstrated that the ALJ erred by adopting the opinion of the treating physician with respect to the lack of manipulative limitations.

## IV. CONCLUSION

Based on the forgoing, the Court **DENIES** the motion for reversal or remand (Docket No. 14) and **GRANTS** the countermotion to affirm (Docket No. 17). The decision below is **AFFIRMED**. The Clerk's Office is instructed to **ENTER FINAL JUDGMENT** accordingly and to **CLOSE** this case.

IT IS SO ORDERED.

Dated: April 14, 2020

Nancy J. Koppe
United States Magistrate Judge

---

[2] Plaintiff's argument in this section is convoluted. Plaintiff discusses other evidence that she contends "would support greater functional limitations" than those included in the residual functional capacity determination. *See, e.g.*, Mot. at 5. Plaintiff misconstrues the applicable standards and the role of the judiciary in reviewing social security denials. The existence of evidence from which a different conclusion could have been reached does not establish that the ALJ erred. *Burch*, 400 F.3d at 679 ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld").